NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 16 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| DAMARIS RAQUEL ORTIZ CARBAJAL, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-5194 <br><br> Agency No. A206-515-547 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2026**
San Francisco, California

Before: NGUYEN and VANDYKE, Circuit Judges, and HUIE, District Judge.***

Petitioner Damaris Raquel Ortiz Carbajal, a native and citizen of El Salvador,

seeks review of a Board of Immigration Appeals' ("BIA") decision affirming an

Immigration Judge's ("IJ") denial of Petitioner's applications for asylum,

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Robert Steven Huie, United States District Judge for the Southern District of California, sitting by designation.

withholding of removal, and Convention Against Torture ("CAT") relief. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

We review for substantial evidence the agency's findings about nexus, about whether harm rises to the level of persecution, and about whether a petitioner is eligible for CAT relief. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (nexus); *Urias-Orellana v. Bondi*, 146 S. Ct. 845, 853–54 (2026) (persecution); *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (CAT eligibility).

1. To be eligible for asylum or withholding of removal, a petitioner must show a nexus between the harm they experienced and a protected ground. 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A). Immigration relief "is not available to those who have simply had the misfortune of becoming a victim of criminal misconduct abroad, motivated by the sorts of things (money, generally) that motivate criminals." *Rodriguez-Zuniga*, 69 F.4th at 1024. Here, even assuming that Petitioner's proposed particular social groups ("PSGs") are all cognizable, the record does not compel the conclusion that the gang members who threatened her were motivated by anything other than money.

The record does not compel the conclusion that the gang members ever found out that Petitioner contacted the police or that the gang understood her actions to express a political opinion. *See id.* at 1017 ("[M]ost people who resist criminal

activity directed towards them do so for obvious non-political self-interested reasons—they don't want to be the victim of a crime."). The record thus does not compel the conclusion that there was a nexus to her "anti-gang political opinion" or to her proposed PSG of "Salvadoran government informants."

Nor does the record compel the conclusion that the gang singled Petitioner out or would single her out in the future because she was a "Salvadoran wom[a]n." Petitioner's brief acknowledges that the gang targeted men and women alike: "[Petitioner's] declaration and testimony describe how male relatives and neighbors, including her cousin, have been murdered in connection with extortion, and how women are threatened and controlled as part of the same system of violent domination." Likewise, Petitioner's evidence of general country conditions is insufficient to compel the conclusion that the violence faced by women in El Salvador rises to the level of persecution.

The gang members' single reference to the land owned by Petitioner's mother as a way of raising money to meet their demands does not compel the conclusion that Petitioner was persecuted for being a "Salvadoran landowner[]." The gang members made no mention of the land when they first approached Petitioner, or when they spoke to Petitioner's parents. Even when they referred to the land during the second confrontation with Petitioner, they were apparently only interested in it as a source of money, stating that her mother could sell it to raise funds to satisfy

their extortion demands. *See id.* at 1019 n.2 (finding no nexus "where a protected characteristic is simply an instrumentality for the persecutor to accomplish his goals," rather than an actual motivation for the persecutor's actions).

Petitioner contends that the agency erroneously presumed that the gang members' most obvious motive (money) must be the *only* motive. The agency did not. Both the IJ and the BIA considered whether the gang members had other, nonfinancial motives *even after* concluding that money was the most obvious motive, ultimately determining that the record did not support other motives.

Because the record does not compel the conclusion that any of Petitioner's proposed PSGs or political opinions were the reason for the gang's threats, we affirm the agency's denial of asylum and withholding of removal.[1]

2. To be eligible for CAT relief, a petitioner must show that more likely than not she would be tortured upon returning to her homeland. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014). The record does not compel the conclusion that Petitioner's two encounters with gang members—neither of which involved physical harm—rose to the level of torture, "which is reserved for only the most 'extreme and prolonged cruel and inhuman treatment.'" *Ruiz-Colmenares v.*

---

[1] We do not consider the new PSGs asserted in Petitioner's brief because the government's brief properly raises the fact that none of these PSGs were exhausted below. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

*Garland*, 25 F.4th 742, 751 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.18(a)(2)). Petitioner "has offered no evidence showing [s]he faces any particularized risk of torture … higher than that faced by all [Salvadoran] citizens." *Id.* And her evidence of country conditions "do[es] not come close to establishing that the average [Salvadoran] citizen … faces a greater-than-fifty-percent chance of being tortured." *Id.* The record therefore does not compel the conclusion that Petitioner is eligible for CAT relief.

**PETITION DENIED.**[2]

---

[2] Petitioner's opposed motion to stay removal pending appeal (Dkt. No. 4) is denied.